Filed 6/7/24  P. v. Hedrick CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK W. HEDRICK,<br><br>    Defendant and Appellant. | 2d Crim. No. B329740<br>(Super. Ct. No. 2012009723)<br>(Ventura County) |

Patrick W. Hedrick appeals a post-conviction order denying a motion to reduce restitution.  We appointed counsel to represent appellant.  After an examination of the record, counsel filed an opening brief raising no issues and requested we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief, in propria persona, raising no meritorious issues.  We dismiss the appeal because it challenges a non-appealable order.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant pleaded guilty to one count of unlawful act with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (b)[1]) and one count of lewd act upon a child (§ 288, subd. (a)) in 2013. The court imposed a term of 15 years to life on count one and a concurrent determinate term of six years on count two. It ordered appellant to pay restitution as follows: $5,000 under section 1202.4, subdivision (b) on both counts one and three; $1,850 to the parents of the victim under section 1202.4, subdivision (f) on count three; and $100,000 to the Victim's Compensation Board under section 1202.4, subdivision (o) on count three; and a $3,200 Sexual Habitual Offender Program (SHOP) fine under section 290.3.

We reduced the SHOP fine from $3,200 to $3,040 on direct appeal but otherwise affirmed the judgment of conviction. (*People v. Hedrick* (Jul. 23, 2014, B252433) [nonpub. opn.].) We summarily denied a petition for habeas corpus seeking to withdraw his plea on the grounds he was not informed of the amount of victim restitution that would be imposed at sentencing. (*In re Hedrick* (Oct. 16, 2018, B293197).)

Appellant filed a "motion for modification of sentence to reduce restitution" in May of 2023. Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), he argued the sentencing court imposed restitution he did not have the ability to pay. The trial court denied the motion because, among other reasons, appellant did not raise the issue at sentencing in 2013. "[Appellant]'s numerous post-conviction attacks on similar

_____

[1] All undesignated statutory references are to the Penal Code.

2

grounds have failed," the court found, "and this Motion fares no better."

## DISCUSSION

Appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738, because he appeals an order denying postconviction relief rather than his underlying criminal conviction. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) Appellant is nevertheless entitled to our consideration of the contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232.)

The trial court properly denied appellant's motion for at least three reasons. First, it lacked jurisdiction to consider a *Dueñas* claim after his judgment of conviction was final. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1085.) Second, *Dueñas* does not apply here. Victim restitution is constitutionally mandated for the purpose of making victims whole for their losses. (Cal. Const., art. I, § 28, subd. (b)(13); *People v. Allen* (2019) 41 Cal.App.5th 312, 326; *People v. Evans* (2019) 39 Cal.App.5th 771, 776. Third, we agree appellant forfeited his claim by failing to raise his inability to pay when the fines were imposed. (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073 ["The California Supreme Court has repeatedly held that when a court imposes fees and/or fines pursuant to statutes that specifically include ability to pay findings, the defendant must raise an objection at the sentencing hearing or forfeit the appellate claim"].) The order denying appellant's motion, it

3

follows, did not affect his substantial rights and is not appealable. (*People v. Hodges* (2023) 92 Cal.App.5th 186, 190.)

Appellant argues in his supplemental brief that he may contest restitution because prosecutors withheld exculpatory evidence in violation of *Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215].) We decline to consider the issue because he did not raise it below.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Ryan J. Wright, Judge
Superior Court County of Ventura

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.